# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

WILLIAM JOSEPH LANDRY,

          Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

          Defendant.

Case No. 17-CV-171-FHM

## OPINION AND ORDER

The Commissioner's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), [Dkt. 14], is before the court for decision. Plaintiff has not filed a response brief within the allotted time.

The Commissioner points out that 42 U.S.C. § 405 (g) and (h) provide the exclusive jurisdictional basis for judicial review of decisions made under the Social Security Act. 42 U.S.C. § 405(g) provides that a civil action may be commenced within 60 days of the mailing of a notice of decision to the claimant, or within such further time as the Commissioner may allow. The Commissioner has interpreted the "mailing" in §405(g) to be the date of receipt by the claimant. The date of receipt is presumed to be five days after mailing, thus suit must be commenced within sixty-five days.

The filing time frame operates as a statute of limitations, not a jurisdictional bar. *Bowen v. City of New York,* 475 U.S. 467, 478 (1986). Therefore the filing requirement may be extended through the application of equitable tolling principles. *Id.* at 480. The time limit provision must, nevertheless, be "strictly construed" as it is a condition on the waiver of the government's sovereign immunity. *Id.* at 479. "Federal courts have typically

extended equitable relief only sparingly .... in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Vet. Affairs,* 498 U.S. 89, 96 (1990). None of those circumstances are present here.

The notice in the instant case was mailed on January 12, 2017, the sixty-five day time period expired on March 20, 2017. The Complaint in this case was filed out of time, on April 3, 2017. Plaintiff has not offered anything to suggest that the extraordinary circumstances to justify equitable tolling exist in this case.

The court finds that Plaintiff's case was not timely filed and that the Complaint should therefore be DISMISSED WITHOUT PREJUDICE.[1] The Commissioner's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), [Dkt. 14], is GRANTED.

SO ORDERED this 1st day of December, 2017

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner requested dismissal with prejudice. Any decision about whether the time for filing suit can be extended is for the Commissioner to make on a proper application from Plaintiff. It would not be appropriate for the court to foreclose any decision the Commissioner might make by dismissing the case with prejudice.

2